UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,  :
:
    Petitioner  :
:
  v.  :  CIVIL NO. 4:CV-08-293
:
EDWIN M. KOSIK, JUDGE, ET AL.,  :  (Judge McClure)
:
    Respondents  :

**MEMORANDUM**

February 27, 2008

**Background**

This *pro se* motion for " Habeus [sic] Corpus Ad Faciendum Et Recipendum" was filed by Michael Curtis Reynolds ("Petitioner") in the United States District Court for the Southern District of New York.[1]  Record document no. 1, p. 1. By Order dated February 5, 2008, the Southern District of New York construed Reynolds' action as a habeas corpus petition under 28 U.S.C.§ 2241 and transferred the matter to this Court.  For the reasons set forth below, Reynolds' petition will be dismissed without prejudice.

Named as Respondents are the Honorable Edwin M. Kosik, Assistant United States Attorney (AUSA) John Gurganus, Joseph O'Brien, Esq., and Phillip Gelso,

---

1. The petitioner is presently confined at the United States Penitentiary, Lewisburg, Pennsylvania.

1

Esq. The present matter is the latest in a series of actions filed by Reynolds challenging the legality of his federal criminal prosecution in this district before Judge Kosik. See United States v. Reynolds, Case No. 3:05-CR-493. AUSA Gurganus handled Reynolds' prosecution and Attorneys Gelso and O'Brien were Petitioner's prior criminal defense counsel. Reynolds' present petition asserts that: (1) there was a violation of his speedy trial rights and (2) a perjured affidavit was used to obtain his underlying criminal indictment. As relief, Reynolds seeks acquittal of all federal criminal charges.

On July 13, 2007 (shortly after the filing of this action in the Southern District of New York), Reynolds was convicted of various criminal charges following a jury trial before Judge Kosik. He was sentenced to an aggregate three hundred and sixty (360) month term of incarceration on November 6, 2007. Prior to sentencing, Reynolds filed an appeal which is still pending before the United States Court of Appeals for the Third Circuit. The Petitioner has also initiated a motion for reconsideration of his sentence which is presently before the trial court.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

When this petition was filed in the Southern District of New York, Reynolds had not yet been convicted or even tried on the federal criminal offenses/indictment underlying this action.  However, by the time Petitioner's instant action was transferred to this Court, he had been convicted, sentenced, and initiated a direct appeal which is still pending before the Third Circuit Court of Appeals.

The appropriate remedy for Reynolds with respect to his present challenge to the legality of his federal prosecution/conviction is to pursue a direct appeal, which he has already done.  If not successful therein, he may then seek collateral relief under 28 U.S.C. § 2255.  An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by a § 2255 motion, cannot be entertained unless the § 2255 remedy is inadequate or ineffective to test the legality of his detention.[2]  See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

It is simply not proper at this juncture for the Petitioner to collaterally challenge the legality of his federal criminal prosecution via a federal habeas corpus petition before this Court at the same time he has a direct appeal pending before the Third Circuit Court of Appeals.  There is nothing to suggest that Reynolds cannot

---

2.   It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.

litigate the merits of his present allegations either via his pending appeal before the Third Circuit Court of Appeals or thereafter via a § 2255 motion.[3]  Accordingly, it is not appropriate for this Court to entertain Reynolds' § 2241 action.  Reynolds' petition for writ of habeas corpus will be dismissed without prejudice.  An appropriate Judgment will enter.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

3.  Since Reynolds has not established that his remedy under § 2255 is inadequate or ineffective, he is precluded from seeking relief under § 2241.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 4:CV-08-293 |
| : | |
| EDWIN M. KOSIK, JUDGE, ET AL., : | |
| : | (Judge McClure) |
| Respondents : | |

## **ORDER**

February 27, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Reynolds' petition for writ of habeas corpus is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE the case.

3. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge